## Legler v. City of Erie

S. *Thaddeus Kwiat*, *John A. Spaeder* and *Richard D. Agresti*, for plaintiffs.

*William W. Knox*, *Gerald J. Weber* and *John J. Gent*, for defendant.

LAUB, J., January 3, 1961.—This is a motion by S. Thaddeus Kwiat, counsel of record for plaintiffs, asking leave to withdraw his appearance. The circumstances leading up to the motion are these:

The cases were placed on the trial list for trial during the term beginning January 9, 1961, and on December 28, 1960, a pretrial conference was held. During the conference it appeared that attorney Kwiat was present at the scene of the accident (which forms the basis for the suits) shortly after its occurrence and took measurements and photographs of the position of the vehicles involved. Counsel for defendants then asked leave to take depositions of Mr. Kwiat and, by agreement of the parties, such depositions were taken the same day at an adjourned conference, before the same conference judge. When depositions were taken, Mr. Kwiat produced photographs taken by him shortly after the collision and also produced his record of measurements which he took at that time. Counsel for defendants requested that these items be produced at trial in order that they might be introduced into evidence if defendants deemed such action desirable. Plaintiff's counsel agreed to produce them and the conference judge, in accordance with the stipulation, ordered Mr. Kwiat to have the same in readiness for production when the trial is called. The photographs and measurement record were marked as exhibits at the adjourned pretrial conference and the case was ordered to trial subject to the special orders entered by the conference judge.

On December 29, 1960, counsel for plaintiffs presented a motion for leave to withdraw his appearance, basing such request upon the circumstance that if he is called as a witness at trial his clients' causes might be prejudiced if he were their counsel of record at that time. A rule to show cause was entered and an argument on the rule was heard January 3, 1961. At the

argument, John Spaeder, Esq., and Richard Agresti, Esq., appeared and stated their intention of entering appearances for plaintiffs, provided Mr. Kwiat's motions is granted and a continuance of the trial noted on the record. Defendants objected to Mr. Kwiat's withdrawal and a continuance of the cases on the ground that the action is of long standing and that a speedy trial was indicated in order to record the memory of the witnesses before the same is dissipated by time. Counsel for defendants stated that their clients and witnesses had been alerted and they were willing to proceed to trial.

We are of opinion that if Mr. Kwiat were forced to continue as plaintiff's counsel, and if called at trial as a witness by defendants, plaintiffs' causes might be prejudiced thereby. It seems clear, therefore, that the motion to withdraw should be permitted. It seems apparent also that a continuance should be granted but that a protective order should be entered, safeguarding defendants from further continuances on grounds similar to the one before us. This is necessary by reason of the age of the actions and the fading recollections of defendants' witnesses.

And now, to wit, January 3, 1961, the rule entered to show cause why S. Thaddeus Kwiat should not be permitted to withdraw his appearance of record for plaintiffs is made absolute and the prothonotary is directed to note the withdrawal of said appearance on the record. It is further ordered that the cases to the within term and number are continued to the April, 1961, trial list with prejudice to plaintiffs' right to seek a further continuance of the trial except for extraordinary cause shown, and S. Thaddeus Kwiat is directed to appear at the April, 1961, trial with exhibits marked D1-D5 at the pretrial conference and be available for call as a witness by any party.